# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **C.W., individually and on behalf of L.B.,** | |
| Plaintiff, | |
| v. | Civ. No. 22-02907 (KM) (JSA) |
| **NEW PROVIDENCE BOARD OF EDUCATION,** | **OPINION** |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

  C.W. ("Plaintiff"), individually and on behalf of her son, L.B., filed this action against the New Providence Board of Education to recover attorney's fees pursuant to the Individuals with Disabilities Education Act ("IDEA" or the "Act"), 20 U.S.C. § 1415, in connection with an administrative proceeding before the New Jersey Office of Administrative Law.

  Now before the Court is the Board's motion to dismiss C.W.'s complaint. For the reasons expressed below, the Board's motion to dismiss is **DENIED**.

## I. BACKGROUND

### A. Facts

  Plaintiff is the parent of L.B., a student with disabilities who at all relevant times was eligible for special education and related services under the IDEA. (Compl. ¶ 1.)[1] The two reside in the area served by the New Providence

---

[1]  Certain citations to record are abbreviated as follows:

   "DE" = Docket entry number in this case

   "Compl." = C.W.'s complaint (DE 1)

   "Mot." = Brief in Support of Defendant's Motion to Dismiss in Lieu of Answer (DE 4-2)

   "Reply" = Reply Brief in Support of Motion for Dismissal (DE 9)

Board of Education (the "Board"). (*Id.* ¶ 2.) On August 27, 2020, C.W. filed a due process petition with the New Jersey Office of Administrative Law ("NJOAL") against the Board.[2] (*Id.* ¶ 9.) In the petition, Plaintiff alleged that L.B. had been deprived of a free appropriate public education ("FAPE") in violation of the IDEA and sought equitable relief for L.B. in the form of compensatory education.[3] (*Id.* ¶ 9.) On April 25, 2022, Plaintiff, L.B., and the Board entered into a Stipulation of Settlement, which provided for monetary payment to Plaintiff for L.B.'s education and resolved the claims Plaintiff asserted in her due process petition before the NJOAL. (*Id.* ¶ 10.) On April 29, 2022, the Hon. Elissa Mizzone-Testa, the administrative law judge ("ALJ") presiding over Plaintiff's case, issued a decision approving the parties' settlement, ordering the parties to comply with the terms of the Stipulation of Settlement, and concluding the proceedings. (*Id.* ¶ 11.)

Plaintiff asserts that she is a "prevailing party" as defined by the IDEA, and as such, she seeks an award of reasonable attorney's fees and costs incurred for legal services in connection with the proceedings before the NJOAL and this Court. (Compl. ¶ 14.)

**B. Procedural History**

Plaintiff initiated this action on May 18, 2022. (DE 1.) On June 21, 2022, the Board moved to dismiss the complaint.[4] (DE 4.) On June 30, 2022, Plaintiff filed a brief in opposition to the Board's motion. (DE 5.) On July 12, 2022, the Board filed a reply brief in support of its motion to dismiss. (DE 9.) On July 29, 2022, Plaintiff filed a letter brief responding to a new argument the Board

---

[2]   This administrative proceeding before the NJOAL was captioned as *C.W. o/b/o L.B. v. New Providence Board of Education*, Agency Ref. No. 2021-32004 and OAL Dkt. No. EDS 09107-20. (Compl. ¶ 15.)

[3]   Plaintiff notes in her complaint that L.B. executed a limited power of attorney on October 12, 2021, granting Plaintiff authority to, among other things, prosecute the due process petition before the NJOAL. (Compl. ¶ 3.)

[4]   Although the Board's motion does not specify as much, both parties appear to treat it as a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

2

raised for the first time in its reply brief. (DE 12.) The motion to dismiss is thus fully briefed and ripe for decision.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in Plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

## III. DISCUSSION

A prevailing party is entitled to seek attorney's fees and costs pursuant to the fee shifting provision of the IDEA:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—
>
> (i) to a prevailing party who is the parent of a child with a disability….

20 U.S.C. § 1415(i)(3)(B); *see also* 34 C.F.R. § 300.517(a). In order to qualify as a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *John T. v. Del. County Intermediate Unit*, 318 F.3d 545, 555 (3d Cir. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Third Circuit employs a two-part test to determine whether a plaintiff qualifies as a "prevailing party": 1) the plaintiff must have achieved relief, and 2) there must be a causal connection between the litigation and the relief

obtained. *Wheeler v. Towanda Area Sch. Dist.*, 950 F.2d 128, 131 (3d Cir. 1991). Courts apply a liberal standard under the first prong, making a "commonsense comparison between the relief sought and obtained." *Id.* There is no requirement that a prevailing party achieve all of the relief sought, just "some of the benefit sought in a lawsuit, [and] even though the plaintiff does not ultimately succeed in securing a favorable judgment, the plaintiff can be considered the prevailing party for purposes of a fee award." *Id.*

Under the second prong, which requires a causal connection between the litigation and the relief obtained, a plaintiff must demonstrate that the litigation "changed the legal relations of the parties such that defendants were legally compelled to grant relief" or that it was a "material contributing factor in bringing about extrajudicial relief." *Wheeler*, 950 F.2d at 132; *see also Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992) (stating that a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff). Where such a change has occurred, "the degree of the plaintiff's overall success goes to the reasonableness of the award . . . not to the availability of a fee award *vel non*." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989).

The Board argues that Plaintiff is not entitled to "prevailing party" status because 1) Plaintiff "failed to achieve a benefit on the significant issues in the underlying Petition" and 2) "any nominal benefit achieved did not materially alter the legal relationship of the parties." (Mot. at 3.) Both of these arguments fail.

Plaintiff clearly satisfies the first prong of the *Wheeler* test. The parties' Stipulation of Settlement, as incorporated into the ALJ's final order on May 4, 2022, provided for payment of up to $70,000 to Plaintiff for her use toward preparing L.B. for further education, employment, or independent living. (Mot. at 2.) According to the Board, this relief was *de minimis,* because Plaintiff's original petition claimed that L.B. was deprived of a FAPE over the course of

seven school years, whereas Plaintiff's surviving claims following a defeat on summary decision were limited to the 2018-2019 and 2019-2020 school years. (*Id.*) The sum of $70,000, says the Board, is insignificant compared to the scope of the relief she sought in her petition. (*Id.*) But Plaintiff does not need to have succeeded on all or even most of her claims in order to qualify as a prevailing party under the IDEA. Nor is she required to have attained some minimum percentage of the relief sought in her petition. That Plaintiff achieved "some of the benefit sought in a lawsuit" is enough to satisfy the first prong. *Wheeler*, 950 F.2d at 131.

Plaintiff clearly satisfies the second prong of the *Wheeler* test as well. The Board as much as concedes this. In its motion, the Board states that "the monetary relief given to Plaintiff in effect severed the relationship between the [Board] and the Plaintiff and replaced same with one consisting only of a submission of receipts and nominal payment." (Mot. at 3.) The Board doubles down on this concession in its reply brief, stating that "[t]he agreed upon monetary award terminates the Board's obligation to L.B." (Reply at 4.) While arguing the contrary, the Board explicitly describes the ways in which the legal relationship between the parties was, in fact, altered by the parties' agreement.

The Board separately suggests that the parties' Stipulation of Settlement did not alter the parties' legal relationship because there was no determination on the merits. (Mot. at 3.) It is well-settled, however, that a party does not need to win a merits-based decision in order to be entitled to "prevailing party" status. The causal connection between the litigation and the relief Plaintiff attained can still be established as long as there is a judicial imprimatur.

In *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001), the Supreme Court rejected the theory "that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Id.* at 601. There, the Court explained that the "defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve

5

by the lawsuit, lacks the necessary judicial imprimatur on the change." *Buckhannon* announced four elements that must be present in order to establish the requisite judicial imprimatur and award attorney's fees in cases of voluntary settlement agreements: 1) the agreement must contain mandatory language, 2) the agreement must be entitled "Order", 3) the agreement must bear the judge's signature, and 4) the agreement must be judicially enforceable. *Id.* Here, all four of the *Buckhannon* elements are satisfied. The parties' Stipulation of Settlement with respect to L.B. required that the parties comply with the terms of the agreement, the court endorsed the parties' agreement, which was appended to a more formal "Order" signed by the ALJ, and that formal order indicated that it was a final order pursuant to the IDEA.[5] Therefore, even though there was no merits-based decision in the case, the Plaintiff may nevertheless qualify as a prevailing party.[6]

Because Plaintiff satisfies both prongs of the *Wheeler* test, she is a prevailing party as defined by the IDEA and the Board's motion must be denied.[7]

---

[5]   I note that the Board does not "challeng[e] the judicial imprimatur attaching to the Stipulation of Settlement by virtue of its adoption by Judge Testa." (Reply at 3.)

[6]   In its reply brief, the Board asserts for the first time that the $70,000 settlement did not alter the legal relationship between the parties because "the relief is forward-looking and provides only interim benefit." (Reply at 9 (citing *M.R. v. Ridley Sch. Dist.*, 868 F.3d 218 (3d Cit. 2017).) Not only is the Board's reliance on *M.R.* misplaced—the Board cites to language in the case involving injunctive relief, which is inapplicable here—but the Board's argument is factually flawed as well. The relief Plaintiff received, though in the form of reimbursement for future costs, is neither "forward-looking" nor "interim." As the Board itself points out, Plaintiff's surviving claims at the time the parties entered into the Stipulation of Settlement pertained to school years past. (Reply at 2.) Moreover, as the Board also notes, the Stipulation of Settlement was incorporated into the ALJ's *final* order (Mot. at 2), not a temporary one pending further proceedings. The Board's additional argument regarding the nature of the relief provided in the parties' settlement agreement therefore fails.

[7]   In its motion, the Board argues in the alternative that even if Plaintiff is deemed a prevailing party, any award of attorney's fees must be reduced for various reasons. (Mot. 3-5.) I decline to address these alternative arguments at this time, but they may be asserted if and when the Court is called upon to fix the amount of an award of fees.

## IV.  CONCLUSION

For the reasons set forth above, the Board's motion to dismiss is **DENIED**.

An appropriate order follows.

Dated: January 27, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty
United States District Judge**